IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE G. BOOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-911-SLR |
| | ) |
| SAMUEL C. HASTINGS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this ᑫᵗʰday of October, 2012, having considered plaintiff's letter/motion for injunctive relief and requests for counsel (D.I. 7, 13, 16);

IT IS ORDERED that the motion is **denied** and the requests for counsel are **denied** without prejudice to renew, for the reasons that follow:

1. **Background.** Plaintiff Lee G. Books ("plaintiff"), a prisoner housed at the Sussex Correctional Institution, Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. On September 11, 2012, plaintiff filed a letter/motion for preliminary injunction to stop defendant's alleged retaliatory conduct as a result of the filing of this lawsuit. (D.I. 7)

2. **Standard.** A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)

("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. Plaintiff is concerned for his personal safety because of alleged harassment by defendant C/O Hastings ("Hastings").[1] Plaintiff asserts that Hastings had been "eyeballing" him and talking to other officers about him. He further asserts that Hastings questioned plaintiff's instructor about his behavior. According to plaintiff, he cannot address his concerns with the institution because, if he writes to the Warden or any of Hastings' superiors, the letters will be intercepted.

4. **Discussion**. Plaintiff seeks a transfer to another facility due to the alleged retaliation by Hastings. Defendant asks the court to deny the motion on the basis that plaintiff cannot show he is in immediate risk of irreparable harm. Defendant notes that there are no allegations of direct threats and that plaintiff merely speculates Hastings is a risk to his personal safety. Deputy warden Linda Valentino ("Valentino") states that after plaintiff expressed his concerns to her about Hastings, plaintiff was advised that Hastings would no longer supervise him and that plaintiff would only see Hastings while going to and from school. (D.I. 14 Valentino aff.) In addition, Valentino ordered

---

[1] The complaint alleges that on December 8, 2011, Hastings used excessive force when he restrained plaintiff following an altercation between plaintiff and another inmate. (D.I. 2)

2

Hastings not to have any contact with plaintiff. Finally, Valentino indicates that more than likely, plaintiff will be released into the Crest program in mid-October and, when that happens, plaintiff will no longer have contact with Hastings.

5. Allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). Similarly, verbal abuse of a prisoner is not actionable under 42 U.S.C. § 1983. *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (not published). *See Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D. Pa. 1993); *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

6. Upon review of the allegations made by plaintiff, the court concludes that he has not demonstrated the likelihood of success on the merits. There is no evidence that, subsequent to plaintiff's filing of the instant complaint, Hastings has taken any untoward action towards plaintiff. Moreover, when plaintiff voiced his concerns, steps were taken by prison personnel to reduce contact between the two. In addition, there is no indication that irreparable harm will result to plaintiff should an injunction not issue. Finally, with regard to transfer to a different institution, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the

3

United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

7. **Requests for counsel**. Plaintiff seeks counsel on the grounds that: (1) he is unable to afford counsel; (2) the issues are complex; (3) he is moving to a different facility and will no longer have access to a law library; (4) he has limited knowledge of the law; and (5) he proceeds in forma pauperis. (D.I. 13, 16)

8. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

9. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

4

case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. *Id.* at 157.

10. The issues in this case are not complex. Moreover, to date, plaintiff has shown that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

11. **Conclusion.** For the above reasons, the court denies plaintiff's letter/motion for injunctive relief (D.I. 7) and denies plaintiff's requests for counsel (D.I. 13, 16) without prejudice to renew.

_____
UNITED STATES DISTRICT JUDGE