IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE G. BOOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-911-SLR |
| | ) |
| SAMUEL C. HASTINGS, | ) |
| | ) |
| Defendant. | ) |

Lee G. Books, Newark, Delaware. Pro Se Plaintiff.

Devera Breeding Scott, Deputy Attorney General, Delaware Department of Justice, Dover, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: December /0 , 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Lee G. Books ("plaintiff") proceeds pro se and was granted leave to proceed in forma paupers. He filed this civil action on July 17, 2012. (D.I. 2) At the time, he was an inmate held within the Delaware Department of Correction. He has since been released. The court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the court are defendant's motions to dismiss for failure to prosecute and for summary judgment. (D.I. 56, 61) The court will grant the motions to dismiss for failure to prosecute and will deny as moot the motion for summary judgment.

## II. BACKGROUND

Plaintiff alleges that defendant violated his constitutional rights by reason of excessive force. After defendant was served and answered the complaint, the court issued a scheduling order that established deadlines for completing discovery and briefing dispositive motions. (D.I. 49) On May 2, 2014, defendant filed a motion for summary judgment or, in the alternative, motion to dismiss for failure to prosecute. (D.I. 56) Plaintiff did not respond to the motion for summary judgment and, on June 6, 2014, the court entered a briefing schedule with regard to the motion for summary judgment and sent it to the last address plaintiff provided to the court. (D.I. 58) It was returned as "not deliverable as addressed unable to forward." (D.I. 60) Plaintiff did not participate in the discovery process and did not appear for his deposition. (D.I. 57, ex. at pl.'s dep.) The last action taken by plaintiff occurred on October 23, 2013, when he moved for leave to proceed in forma pauperis, and he requested that the Clerk of Court prepare a summons for defendant.

Presently before the court are defendant's motions for summary judgment and to dismiss for failure to prosecute (D.I. 56, 61)

## III. FAILURE TO PROSECUTE

The court turns to the issue of plaintiff's failure to prosecute, given that he did not attend his deposition, did not participate in the discovery process, did not file any type of responses to defendant's dispositive motions, and has not provided the court with his current address.

Rule 37 of the Federal Rules of Civil Procedure provides the court with the authority to dismiss a case for failure to comply with a discovery order and for a party's failure to attend his own deposition. Fed. R. Civ. P. 37(b), (d). In addition, pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir.

2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (unpublished).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

The court finds that the *Poulis* factors warrant dismissal of plaintiff's case. First, as a pro se litigant, plaintiff is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, defendant is prejudiced by plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's failure to participate in the discovery process and his failure to attend his deposition severely impedes defendant's ability to prepare a trial strategy.

With regard to the third factor, the court notes that, early on, the court dismissed this case when plaintiff failed to comply with court orders (*see* D.I. 30), and reopened the case upon plaintiff's request (*see* D.I. 31, 32). Plaintiff, however, continued with his

3

dilatory ways when he failed to participate in this case through the discovery process. This leads to the conclusion that, as to the third factor, there is a history of dilatoriness.

As to the fourth factor, the facts to date lead to a conclusion that plaintiff's failure to prosecute is willful or in bad faith. Plaintiff filed this lawsuit yet failed to participate in discovery and has not seen fit to keep the court apprised of his current address. For these reasons, the court finds plaintiff's actions willful and in bad faith.

As to the fifth factor, plaintiff proceeds pro se and has been granted pauper status. Hence, it is doubtful that monetary sanctions would be effective. Finally, as to the sixth factor, the court takes no position on the merits of the claim given the lack of discovery.

For the above reasons, the court finds that the *Poulis* factors weigh in favor of dismissal. Therefore, the court will grant defendant's motions to dismiss for failure to prosecute.

## V. CONCLUSION

For the above reasons, the court will grant defendant's motions to dismiss for failure to prosecute and will deny as moot the motion for summary judgment. (D.I. 56, 61)

An appropriate order will issue.